# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYMOND ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO.  CIV-05-0792-HE |
| ) | |
| KIRBY-SMITH MACHINERY, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Raymond Alexander filed this action against Kirby-Smith Machinery, Inc. ("Kirby-Smith"), his former employer, alleging he was terminated because of his race in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.  Kirby-Smith has filed a motion for summary judgment, contending that it discharged the plaintiff for a legitimate, non-discriminatory reason –  to protect the safety of other employees.  Although the plaintiff confessed the motion by failing to respond, LCvR7.2(f), the court has considered its merits and finds the defendant is entitled to summary judgment.[1]

Under the McDonnell Douglas burden-shifting framework,[2] once the employee

---

[1] *Summary judgment is appropriate only when "there are no genuine issues of material fact  and the movant.. the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The evidence and any reasonable inferences that might be drawn from it are viewed in the light most favorable to the nonmoving party. MacKenzie v. City & County of Denver, 414 F.3d 1266, 1273 (10th Cir. 2005).*

[2] *"The McDonnell Douglas burden-shifting analysis is appropriate in ... discrimination cases such as the present one, in which the plaintiff has no direct evidence of discrimination and the employer disclaims reliance on the plaintiff's [race] for an employment decision." Morgan v. Hilti, Inc., 108 F.3d 1319,1323 n.3 (10th Cir. 1997).  "[I]n racial discrimination suits, the elements of a plaintiff's case are the same, based on the disparate treatment elements outlined in McDonnell Douglas, whether that case is brought under §§ 1981 or*

establishes a prima facie case of discrimination, the employer has the burden of articulating a legitimate reason for its employment decision. If the employer meets this burden, then summary judgment is warranted unless the employee shows there is a genuine issue of material fact as to whether the proffered reason is pretextual.  Although the defendant states the plaintiff has not established a prima facie case of discrimination,[3] it asserts that, assuming he has met his initial burden, the undisputed facts and the plaintiff's own admissions demonstrate that his discharge was justified and not based on race.

The plaintiff failed to respond to the defendant's requests for admissions and thereby admitted,[4] among other things, that he was late to work, yelled at and/or cursed other Kirby-Smith employees and threatened to physically harm his coworkers.  He also admitted that race was not a factor in his termination, that he violated Kirby-Smith's policies against harassment in the workplace, having previously reviewed and signed a document containing his employer's policies and procedures pertaining to workplace discrimination and harassment, and that he had been warned that if he harassed his coworkers or threatened them

---

*1983 or Title VII."  Drake v. City of Fort Collins, 927 F.2d 1156, 1162 (10th Cir.1991).*

[3]*A prima facie case requires a showing that (1) the plaintiff belongs to a protected class; (2) was qualified for the job; and (3) despite his qualifications, was discharged. Green v. New Mexico, 420 F.3d 1189, 1192 n.3 (10th Cir. 2005).*

[4]*Each matter of which an admission is requested "is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Fed.R.Civ.P. 36(a) "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Rule 36(b).*

with physical violence he would be terminated.   Defendant's Exhibits 1, 4.

The defendant's motion is also supported by the affidavits of the Human Resources Manager for the defendant, who sets out various job performance problems and instances of fights with or threats to other employees, and of one fellow employee who states he was twice threatened with a knife by the plaintiff.

A substantial factual basis for the defendant's motion is provided both by the plaintiff's deemed admissions and by the other evidentiary materials supporting the motion. These facts establish that the plaintiff was discharged for a legitimate, non-discriminatory reason and that the defendant did not violate either Title VII or § 1981.

Accordingly, the defendant's motion for summary judgment [Doc. #17] is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 17th day of August, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE